J-S14036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :                PENNSYLVANIA
                                          :
             v.                            :
                                          :
                                          :
STEVEN CAMACHO                     :
                                          :
             Appellant           :      No. 1481 MDA 2020

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004228-2019

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:      **FILED: JUNE 3, 2021**

Steven Camacho ("Camacho") appeals from the judgment of sentence imposed following his convictions of two counts of simple assault, and one count each of aggravated assault, strangulation, and harassment.[1]  We affirm.

The trial court summarized the factual history as follows:

> In September of 2019, Jasmine Dodson [("Dodson")] resided at 202 N. 11th Street, Reading, Berks County[,] Pennsylvania.  [] Dodson was in an "off and on" relationship with Camacho at that time[,] and he would sometimes stay with her.

> On September 18, 2019, [] Dodson arrived home from work and encountered Camacho in her son's bedroom.  Camacho chased [] Dodson as she walked away from the bedroom. Camacho grabbed [] Dodson, turned her around and put both of his hands on her neck and choked her.  During the fight, Camacho put his elbow up to[,] and around[,] [] Dodson's neck to choke her[,] and they fell to the floor.  While on the floor, [] Dodson was able to retrieve a knife from her purse and stab Camacho in his

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), (3), 2702(a)(1), 2718(a)(1), 2709(a)(1).

right forearm, left shoulder[,] and right lower leg. After Camacho was stabbed, he choked [] Dodson with more force. At some point while Camacho was choking [] Dodson, she was unable to breathe and lost consciousness for a couple of seconds. As Camacho was choking [] Dodson, she was screaming and yelling for help. [] Dodson's landlord heard the incident and located [Reading Police Officer Francisco Contreras ("Officer Contreras")] just outside of the building. [Officer Contreras] ran up to [] Dodson's residence and banged on the door[,] causing Camacho to get off of [] Dodson.

As a result of this altercation, [] Dodson had popped blood vessels in her eyes, marks and bruising on her neck and hands, an internal injury to her arm[,] and bruises on her back from falling to the floor.

Trial Court Opinion, 1/11/21, at 2 (citations omitted).

A jury found Camacho guilty of the above-mentioned offenses. The trial court deferred sentencing for the purpose of preparing a pre-sentence investigation report. On October 15, 2020, the trial court sentenced Camacho to an aggregate prison term of 5 to 10 years.

On October 22, 2020, Camacho filed a Post-Sentence Motion arguing, *inter alia*, that the verdict was against the weight of the evidence. On October 26, 2020, the trial court denied Camacho's Post-Sentence Motion. Camacho filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Camacho raises the following claims for our review:

[1.] Whether the evidence was insufficient to support the conviction of [a]ggravated [a]ssault?

[2.] Whether the verdicts of guilt went against the weight of the evidence, as [Dodson]'s internally inconsistent and incredible testimony was materially and crucially contradicted by the

- 2 -

Commonwealth's own other witnesses—the police and the landlord?

Brief for Appellant at 10.

In his first claim, Camacho contends that the Commonwealth presented insufficient evidence to sustain his conviction of aggravated assault. *Id.* at 23. Specifically, Camacho asserts that the Commonwealth's evidence failed to prove that he caused, or intended to cause, serious bodily injury to Dodson. *Id.* at 23-24. Camacho argues that Dodson's only injuries from the incident were bloodshot eyes, marks on her neck that disappeared after a week, and some internal swelling and bruising in Dodson's arm. *Id.* at 24. Additionally, Camacho asserts that he did not intend to cause serious bodily injury to Dodson. *Id.* at 25. Camacho acknowledges that his hands were around Dodson's neck, but claims that he and Dodson "have a history of choking and stabbing one another and remain alive and with no permanent injuries." *Id.*

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the [trier] of

fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

The Crimes Code provides that "[a] person is guilty of aggravated assault if he:  (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."  18 Pa.C.S.A. § 2702(a)(1).  The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S.A. § 2301.  Additionally, "[f]or aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step towards perpetrating a serious bodily injury upon another." ***Commonwealth v. Gray***, 867 A.2d 560, 567 (Pa. Super. 2005).

"A person acts intentionally with respect to a material element of an offense when … it is his conscious object to engage in conduct of that nature or to cause such a result…."  18 Pa.C.S.A. § 302(b)(1)(i).  "The intent to cause serious bodily injury may be proven by direct or circumstantial evidence." ***Commonwealth v. Hall***, 830 A.2d 537, 542 (Pa. 2003).

Instantly, our review of the record reveals that Camacho attacked Dodson and began choked her with both of his hands. N.T. (Jury Trial), 9/1/20, at 49-51. During the struggle, Dodson and Camacho fell onto the floor while Camacho continued to choke Dodson with either his hands or his elbow on her throat. *Id.* at 50-52. At some point, Dodson lost consciousness from the strangulation. *Id.* at 49-51, 52-55. As a result of the assault, Dodson had bloodshot eyes, as well as bruising on her neck, back, and arms. *Id.* at 57. This evidence demonstrates that Camacho intended and attempted to cause serious bodily injury to Dodson. *See Commonwealth v. Watson*, 431 A.2d 949, 952 (Pa. 1981) (stating that "[i]t is beyond question that manual strangulation can result in serious bodily injury, if not death."); *see also Commonwealth v. Russell*, 460 A.2d 316, 320 (Pa. Super. 1983) (concluding that choking the victim, among other circumstances, demonstrated an attempt to inflict serious bodily injury); *Smith*, *supra*. Therefore, the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Camacho's conviction of aggravated assault.

In his second claim, Camacho contends that the jury's verdicts as to aggravated assault and strangulation were against the weight of the evidence. Brief for Appellant at 25-31. In particular, Camacho argues that Dodson's testimony was entirely inconsistent with the testimonies of the responding police officers, Officer Contreras and Officer Patrick Haughney. *Id.* at 27-30.

Camacho asserts that his version of events was "far more consistent and plausible" than Dodson's because he "immediately and [] consistently" denied the allegations. *Id.* at 27-28. According to Camacho, he told officers that he was asleep in the third-floor bedroom when Dodson "came up and started stabbing him." *Id.* at 28. Camacho acknowledges that all of the blood was found in the second-floor living room, where Dodson stated she stabbed Camacho, but Camacho asserts that the amount of blood undermines Dodson's testimony. *Id.* at 28-29. Additionally, Camacho contends that Dodson's testimony was unreliable because she claimed she only stabbed Camacho one time, rather than three times. *Id.*

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

The trial court, in denying Camacho's weight claim, concluded that the verdict was consistent with the evidence presented, and the jury found the

Commonwealth's witnesses to be credible. **See** Trial Court Opinion, 1/11/21, at 6. Our review of the record confirms that the trial court did not abuse its discretion when it concluded that the jury's verdict was against the weight of the evidence. **See Gonzalez**, **supra**. Moreover, this Court will not reweigh evidence. **See Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011) (reiterating that it is not the position of this Court to "reweigh the evidence or substitute our own judgment for that of the fact finder"). Discerning no abuse of discretion by the trial court, this claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/03/2021